Joseph T. Kiefer, Harrison P. Chung, Honolulu, Hawaii, for debtor.

Douglas S. Hasegawa, Honolulu, Hawaii, for MONY.

In re SANPO LAND INDUSTRIAL (HAWAII), INC., a Hawaii corporation, nka Kalakaua International Center, Inc., Debtor.

Bankruptcy No. 82-00649.

United States Bankruptcy Court, D. Hawaii.

Aug. 7, 1984.

ORDER DENYING MOTION TO REINSTATE AUTOMATIC STAY WITH RESPECT TO THE MUTUAL LIFE INSURANCE COMPANY OF NEW YORK

JON J. CHINEN, Bankruptcy Judge.

On March 27, 1984, on the eve of the trial on the Motion for Relief from Stay filed by first mortgagee, Mutual Life Insurance Company of New York (hereafter "MONY"), a Stipulation for Order Granting Relief from Stay and Order thereon was entered herein, signed by counsel for

MONY, counsel for debtor, and Masami Kato, as president and Chairman of the Board for debtor and, individually, as sole stockholder and a creditor of debtor. Said stipulation provided for relief from the stay for MONY as of March 26, 1984, and also provided that Mr. Kato would, pursuant to a schedule of payments laid out therein, purchase MONY's secured interest, the final payment for $13,400,000.00, together with interest thereon at the rate of $4,405.48 per day from April 27, 1984, due at 4:00 o'clock p.m. Hawaiian Standard Time on July 27, 1984.

The final paragraph of the stipulation states:

6. The Debtor, Kato and MONY agree and stipulate that no appeal may be taken from this Stipulation and Order, and the Debtor, Kato and MONY waive any and all rights to seek reconsideration or modification of this Stipulation and Order.

On July 27, 1984, Debtor filed the instant Motion to Reinstate Automatic Stay with Respect to the Mutual Life Insurance Company of New York, wherein the Court is requested to extend for two months the automatic stay and the time period within which Mr. Kato is required to make the above-mentioned final payment to MONY, alleging that circumstances beyond Mr. Kato's control precluded his ability to make the requisite final payment by July 27, 1984.

The Stipulation was freely entered by the signing parties and no acts of fraud, misrepresentation, or misconduct have been pled as grounds for the relief requested. Rather, one of the parties, currently unable to perform, wishes to extend the time for his performance after having the benefit of the other party's restraint in pursuing relief from the stay for four months. Based on these considerations and the agreement by the parties that no modification of the Stipulation would be requested, the Motion to Reinstate Automatic Stay is hereby Denied.